**546**

COMMONWEALTH of Pennsylvania

v.

Ronald F. CROUSHORE, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 20, 1997.

Filed Dec. 4, 1997.

Frank W. Ittel, Jr., Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before CIRILLO, President Judge Emeritus, and TAMILIA and MONTEMURO*, JJ.

TAMILIA, Judge:

Appellant, Ronald F. Croushore, appeals from the judgment of sentence of twenty-five dollars ($25) and costs imposed April 21, 1997, after he was found guilty of driving through a solid red light in violation of the

---

* Retired Justice assigned to the Superior Court.

Vehicle Code.[1] Appellant claims the police employed by the University of Pittsburgh do not possess the authority to stop and cite motorist for a summary violation of the Vehicle Code on a municipal street abutting the University's campus.

On February 13, 1997, University of Pittsburgh Police Officer Neil Reinsselder stopped Croushore and issued a traffic citation after observing him drive through a solid red light at the corner of Fifth Avenue and Bigelow Boulevard. Following his appeal from the district justice's finding of guilt, appellant was found guilty at a bench trial de novo and ordered to pay a fine of $25 and costs. Subsequently, appellant filed this timely appeal.

Appellant claims that absent an emergency, the University Police cannot exercise jurisdiction over motorists on a municipal street abutting the University. **Capitol Police, Commonwealth Property Police and Campus Police**, § 2416, of The Administrative Code provides as follows:

> The Capitol Police, Commonwealth Property Police and the Security or Campus Police of all State colleges and universities, State aided or related colleges and universities and community colleges shall have the power, and their duty shall be:
>
> . . .
>
> (e) To exercise the same powers as are now or may hereafter be exercised under authority of law or ordinance by the police of the cities of Harrisburg, Pittsburgh and Philadelphia, municipalities in Dauphin County wherein State buildings are located and in municipalities wherein said colleges, universities and community colleges are located:
>
> . . .
>
> Security and Campus Police shall exercise their powers and perform their duties *only on the premises of the State colleges and universities, State aided or related colleges*

---

1. 75 Pa.C.S. § 3112, **Traffic-control signals**, (a)(3) **Steady red indication.**

*and universities* and community colleges by or for which they are employed[ ] 71 P.S. § 646 (emphasis added).[2] By its own terms, section 2416 restricts the exercise of the University Police powers to "the premises" of the University. Moreover, appellant's actions took place entirely on a public street.

This case is virtually identical to *Horton v. Commonwealth, Dep't of Transp.*, 694 A.2d 1 (Pa. Commw.Ct.1997). In that case, "University of Pittsburgh Police Sergeant Vernon Barkley observed a green Dodge Ram Charger fail to stop at a red traffic light located at the intersection of Bigelow Boulevard and Forbes Avenue." *Id.* The court acknowledged that the University of Pittsburgh was a state-related institution and found that "a traffic offense on a public street located in the City of Pittsburgh" was not on the premises of the University. *Id.* at 3. Therefore, the Commonwealth Court, citing this Court's decision in *Commonwealth v. Savage*, 403 Pa.Super. 446, 450–52, 589 A.2d 696, 698 (1991), held the University Police were not authorized to arrest the defendant for driving under the influence.

Moreover, section 2416(h) of The Administrative Code [3] "specifically sets forth the circumstances under which campus police may exercise their powers off campus." *Savage, supra* at 450, 589 A.2d at 698. Those circumstances only occur during an emergency situation when a specific request is made by the Mayor or other executive authority, 71 P.S. § 646(h). In the instant case, no circumstances existed which would justify the University Police in exercising jurisdiction beyond the boundaries of the University. Consequently, the University Police lacked the authority to stop appellant for running a red light, and his conviction cannot stand.

Judgment of sentence reversed; appellant is discharged.[4]

Jurisdiction relinquished.

---

2. Although appellee cites 22 Pa.C.S. § 501, **Appointment by nonprofit corporations, (c) Powers**, as providing statutory authority for University of Pittsburgh police, the specific provisions of 71 P.S. § 646 take precedence over the more general language in 22 Pa.C.S. § 501(c), which we find inapplicable to cases such as this.

3. The section provides:
    Security and Campus Police shall exercise their powers and perform their duties *only on* the premises of the ... State aided or related colleges and universities ... by or for which they are employed ... *except*, that Campus Police employed by State owned colleges and universities located in any municipalities, other than cities of the first class or second class, are authorized, in emergency situations occurring within the municipality, upon the request of the mayor or other executive authority and under the direction of the local law enforcement authorities, to exercise those powers and perform those duties conferred pursuant to this section within the municipality for the limited purpose of aiding local authorities in emergency situations.
    71 P.S. § 646(h).

4. Citing *Commonwealth v. Price*, 406 Pa.Super., 166, 169 n. 1, 593 A.2d 1288, 1289 n. 1 (1991), *aff'd*, 543 Pa. 403, 672 A.2d 280 (1996), appellee claims the *proper remedy is suppression* of all evidence obtained as a result of the stop. However, *Price* is not relevant to the facts of this case as it deals with an illegal *arrest* for driving under the influence. *Id.* at 167–68, 593 A.2d at 1288.